J-A25002-24

**+NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KENNY RAY | : | |
| | : | |
| Appellant | : | No. 405 EDA 2024 |

Appeal from the Judgment of Sentence Entered August 14, 2023
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0007121-2021

BEFORE: OLSON, J., DUBOW, J., and SULLIVAN, J.

MEMORANDUM BY OLSON, J.: **FILED FEBRUARY 13, 2025**

Appellant, Kenny Ray, appeals from the judgment of sentence entered on August 14, 2023, following his bench trial convictions for two counts of simple assault and one count each of aggravated assault, recklessly endangering another person, and possession of an instrument of crime.[1] We affirm.

The trial court summarized the facts and procedural history of this case as follows:

> On November 11, 2021, at approximately 1:00 p.m., [Appellant] entered the lobby of the West Building in the 251 Delkalb Apartment complex in King of Prussia, [Pennsylvania] while brandishing a sword. [Appellant] initially approached resident Anthony Penzarella and stated he was "having a bad day" while stroking the sword and pointing it in Mr. Penzarella's general direction. Caitlyn Donahue, who was seated next to Mr. Penzarella, stated "please, please don't" when she observed

_____

[1] 18 Pa.C.S.A. §§ 2701(a), 2702(a)(1), 2705, and 907(a), respectively.

[Appellant] holding the sword. Apartment concierge Leonela Torres asked [Appellant] what he was doing, but he did not respond. Ms. Torres proceeded to inform [Appellant] that she was going to call the police and he replied, "don't call the cops."

[Appellant] eventually stood within approximately four (4) or five (5) feet of Mr. Penzarella and stated that things "weren't going to be ok[ay]" while continuing to stroke the sword. When Mr. Penzarella attempted to inform [Appellant] that things would be ok[ay], [Appellant] stated "I don't think so." [Appellant] subsequently placed both of his hands at the bottom of the sword and took a wide [] swing [(comparable to swinging a baseball bat)] at Mr. Penzarella's upper torso. Mr. Penzarella was able to duck the sword, which came within inches of hitting him. Mr. Penzarella proceeded to flee from the scene and Ms. Torres and an apartment maintenance worker tackled [Appellant] and knocked the sword from his grasp. Another maintenance worker eventually arrived at the scene to assist in restraining [Appellant] until authorities arrived. [Appellant was] combative during this time and remained belligerent upon the arrival of the police. When authorities attempted to place [Appellant] into custody, he made kicking motions with his legs and tried to bite one of the officers. An examination of the sword following [Appellant's] arrest revealed that the blade was eighteen (18) inches long and one (1) inch wide and the handle was approximately seven (7) inches long and one (1) inch wide. The sword also appeared to be made of metal and its structure indicated that it would be capable of inflicting harm on an individual.

On May 9, 2023, the [trial] court held a bench trial and found [Appellant] guilty of the [aforementioned] charges referenced above. On August 14, 2023, the [trial] court imposed an aggregate sentence of forty-eight (48) to ninety-six (96) months of imprisonment (four (4) to eight (8) years).

Trial Court Opinion, 4/3/2024, at 1-2. This timely appeal resulted.[2]

---

[2] Appellant filed timely post-trial motions which were eventually denied by an order entered on December 15, 2023. On January 16, 2024, Appellant filed a timely notice of appeal. *See* 1 Pa.C.S.A. § 1908 ("Whenever the last day of [the filing] period shall fall on [] Sunday [or a legal holiday] such day shall be omitted from the computation."). On January 18, 2024, the trial court
*(Footnote Continued Next Page)*

On appeal, Appellant presents the following issue for our review:

> Was the verdict for aggravated assault against the weight of the evidence where the Commonwealth presented no evidence that the miniature sword was sharpened, such that it could cause serious bodily injury?

Appellant's Brief at 4 (complete capitalization omitted).[3]

Appellant argues that his conviction for aggravated assault was against the weight of the evidence presented at trial because the Commonwealth "failed to establish that an eighteen inch 'sword' was capable of causing serious bodily injury." *Id.* at 6. More specifically, Appellant posits that there was "no scientific testing [] performed" on the sword nor any evidence presented that the "blade was sharpened, such that it could cause injury to anyone." *Id.* at 9. Moreover, Appellant argues that "[t]he police did not determine whether it was a replica or a weapon" and, "[t]herefore, the Commonwealth presented no evidence to the trial court regarding the miniature sword's ability to cause serious bodily injury." *Id.* at 10. Appellant further maintains that the trial court erred by "discuss[ing] [] Appellant's demeanor and words as evidence of his intent to cause serious bodily injury"

_____

directed Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant complied timely on February 8, 2024. On April 3, 2024, the trial court issued an opinion pursuant to Pa.R.A.P. 1925(a).

[3] In the statement of questions involved section of his appellate brief, Appellant also presents a challenge to the sufficiency of the evidence to support his conviction for aggravated assault, but he later "withdraws this issue" in the argument section of the brief. *See* Appellant's Brief at 4 and 7. As such, we will not address the sufficiency of the evidence.

because there were "no prior negative interactions ... with Mr. Panzarella" to support a motive and Appellant "made no threats to Mr. Panzarella" at the time of the incident. *Id.* Appellant suggests that his subsequent actions "after bystanders and [the] police attempted to subdue Appellant, ... indicate[s] a mental health crisis more than an attempt to cause serious bodily injury." *Id.* at 11. Accordingly, Appellant asserts that "[t]he trial court overlooked the dearth of evidence as to the ability of the sword to cause serious bodily injury or death, shocking the conscience in the verdict and abusing discretion by failing to grant a new trial." *Id.* at 8.

A motion seeking a new trial based on the weight of the evidence is

addressed to the discretion of the trial court. A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice. It has often been stated that a new trial should be awarded when the jury's verdict is so contrary to the evidence as to shock one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail.

An appellate court's standard of review when presented with a weight of the evidence claim is distinct from the standard of review applied by the trial court:

Appellate review of a weight ***claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence***. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for

- 4 -

granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

***Commonwealth v. Person***, 325 A.3d 823, 836 (Pa. Super. 2024) (internal citation omitted; emphasis in original).

Here, the trial court determined that "the evidence demonstrated [Appellant] had the specific intent to cause serious bodily injury to Mr. Panzarella and took a substantial step towards that goal." Trial Court Opinion, 4/3/2024, at 9. The trial court opined that "[t]he absence of specific evidence regarding the actual sharpness of the blade was of no consequence" because "[e]ven if the blade was dull, this does not foreclose the sword's ability to inflict serious bodily injury due to the other inherent traits including its length, width, apparent metal construction and [Appellant's] act of swinging the sword in a nature of a baseball bat in close proximity to Mr. Panzarella's torso." ***Id.*** at 7; ***see also id.*** at 9 (Appellant "swung a metal sword blade in a baseball like fashion in the general direction of Mr. Panzella's upper torso from a short distance which missed his body by mere inches."). Moreover, the trial court noted that "prior to his use of the sword, [Appellant's] comments and overall demeanor indicated an intent to cause harm." ***Id.*** at 9. Accordingly, the trial court concluded that "[t]he record demonstrates the evidence introduced by the Commonwealth, fully supported the court's verdict" and "was not so contrary to the weight of the evidence such that it shocks one's sense of justice." ***Id.***

Upon review of the certified record, applicable law, and the trial court's opinion, we discern no abuse of discretion in ruling on Appellant's weight of the evidence claim. Here, the trial court carefully examined all of the facts presented and determined that Appellant was not denied justice or that the verdict shocked one's sense of justice. Upon review of the trial court's exercise of discretion, we discern no error. As such, Appellant's sole appellate issue lacks merit.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/13/2025